OPINION OF THE COURT
Memorandum.
Judgment, insofar as appealed from, reversed without costs and judgment directed to be entered in favor of plaintiff in the principal sum of $1,274.70.
In this commercial claims action, plaintiff seeks to recover damages for breach of an oral agreement to pay for automobile repairs. The evidence at trial showed that, after obtaining oral authorization to do so, plaintiff performed substantial maintenance and repairs on defendant’s vehicle in early May 2006. Defendant paid $2,725.13 for the repairs. Approximately three weeks later, on or about May 23, 2006, defendant’s vehicle malfunctioned. There was differing testimony as to whether defendant received advice from plaintiff that the vehicle was not worth repairing. However, it is uncontested that defendant again orally authorized repair of the vehicle, and thereafter plaintiff performed extensive repairs on defendant’s vehicle, for which defendant received an invoice of $2,774.70. That invoice was never paid. The vehicle again malfunctioned in August 2006 and was not repaired. However, after the commencement of this action, defendant authorized the sale of the vehicle by plaintiff, subject to an agreement that the sale proceeds would offset plaintiffs claim. The vehicle was sold for $1,500, leaving a balance of $1,274.70 remaining.
Defendant’s son testified that, after defendant’s vehicle malfunctioned in August 2006, plaintiff’s employee and defendant’s son, both acting with authority, negotiated an oral agreement between the parties, pursuant to which plaintiff would accept title to the vehicle in full satisfaction of defendant’s debt to plaintiff. Plaintiff neither objected to this testimony at trial, nor adduced any other testimony to contradict defendant’s contentions, despite the fact that, at the time of the trial, plaintiff continued to employ the individual with whom defendant’s son had allegedly negotiated said agreement. However, defendant did not transfer title of the vehicle to plaintiff prior to the commencement of this action.
The invoice' constituted a liquidated and matured claim for a sum certain. Assuming the validity of defendant’s contentions regarding the parties’ negotiation of a new agreement with re *82 spect to defendant’s obligations, said agreement would constitute merely an oral executory accord. Unless and until there was a satisfaction of the accord, plaintiff was entitled to assert its rights under the invoice (see General Obligations Law § 15-501; see also Denburg v Parker Chapin Flattau & Klimpl, 82 NY2d 375, 383 [1993]; Matter of Waer [Winnie], 19 AD3d 986 [2005]). The determination of the City Court to dismiss plaintiffs cause of action thus failed to render substantial justice between the parties according to the rules and principles of substantive law (UCCA 1807-A [a]).
Accordingly, plaintiff was entitled to judgment on its outstanding invoice, as reduced by the proceeds of the sale of the vehicle, in the principal sum of $1,274.70. The judgment is therefore reversed and judgment directed to be entered in favor of plaintiff in the principal sum of $1,274.70.
Rudolph, RJ., McCabe and Scheinkman, JJ., concur.